■ TELE-IMAGE CORPORATION, Respondent, v FAIRCHILD CAMERA AND INSTRUMENT CORPORATION, Appellant.—In an action to recover damages for breach of contract, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated January 19, 1977, as (1) only conditionally granted its motion to strike the note of issue and vacate the statement of readiness and (2) denied its motion to examine certain nonparty witnesses. Order modified by deleting the last paragraph thereof and by substituting therefor provisions granting defendant's motion to (1) examine nonparty witnesses Nat Schorr and Irving Corwin and (2) compel compliance by Irving Corwin with a subpoena duces tecum. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The examination of Irving Corwin shall proceed at such time and place as shall be fixed in a written notice of not less than 20 days, to be given by the defendant, or at such other time and place as the parties and that witness may agree. The time within which such notice may be served is extended until 20 days after entry of the order to be made hereon. The examination of Max Schorr shall be held pursuant to one of the following options: (1) to have that witness come to New York from Florida for the examination on the defendant's payment of his travel and hotel expenses, or (2) to have the examination conducted in Florida on payment by defendant of the travel and hotel expenses of plaintiff's attorney or (3) to have the examination conducted in New York immediately prior to the trial. In the event defendant elects to exercise the first or second option as set forth above, it shall so notify plaintiff's attorney within 20 days after the entry of the order to be made hereon. In such event the examination of Mr. Schorr shall proceed at such time and place as shall be fixed in a written notice of not less than 20 days or at such time and place as that witness and the parties may agree. The time within which such notice may be served is extended until 30 days after the entry of the order to be made hereon. On the record before us it was a proper exercise of Special Term's discretion to

refuse to strike this case from the Trial Calendar. However, given the nature of the action and the history of the litigation, it was error for Special Term to deny the defendant the opportunity to examine witnesses Schorr and Corwin since they possess knowledge which is vital for the preparation of the defendant's case (see 22 NYCRR 675.7). In so holding, we note that the defendant first learned that these witnesses possessed the knowledge at a court-ordered deposition of the plaintiff's president, which was made subsequent to the placing of the case on the Trial Calendar. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.